UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION
PIKEVILLE

Eastern District of Kentucky
F I L E D

APR 11 2019

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 19-7-REW-EBA

SCOTTY R. AKERS, M.D. and
SERISSA L. COLLIER,
   aka SERISSA L. STAMPER

* * * * *

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. **SCOTTY R. AKERS, M.D., ("AKERS")** was a licensed physician practicing in or around Pikeville, Kentucky.

2. **SERISSA L. COLLIER aka SERISSA L. STAMPER ("STAMPER")** was an individual living in or around Pikeville, Kentucky.

### BACKGROUND ON CONTROLLED SUBSTANCES

3. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States.

4. Under the CSA, the United States Drug Enforcement Administration ("DEA") regulated certain pharmaceutical drugs designated as "controlled substances" because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision. *See* 21 U.S.C. § 802(6).

5. The DEA issued registration numbers to qualifying practitioners, including

physicians, which permitted them to dispense Schedule II, III, IV, and V controlled substances consistent with the terms of that registration. 21 U.S.C. § 822.

6. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner. . . ." 21 C.F.R. § 1306.04(a).

7. Oxycodone, hydrocodone and fentanyl were Schedule II controlled substances.

## COUNT 1
## 21 U.S.C. § 846

8. Paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

9. Beginning in or around August 2016 and continuing through in or about May 2018, the exact dates being unknown, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**SCOTTY R. AKERS, M.D., and
SERISSA L. COLLIER,
aka SERISSA L. STAMPER**

did knowingly and intentionally conspire, confederate, and agree together and with others to unlawfully distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, quantities of hydrocodone, oxycodone, and fentanyl, Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1), all in violation of

18 U.S.C. § 846.

## COUNTS 2-7
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

10. Paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

11. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**SCOTTY R. AKERS, M.D., and
SERISSA L. COLLIER,
aka SERISSA L. STAMPER,**

aiding and abetting each other, did knowingly and intentionally distribute and dispense, outside the scope of professional practice and not for a legitimate medical purpose, a Schedule II controlled substance, as set forth below:

| Count | Date Filled | Patient | Rx Number | Drug Name |
|---|---|---|---|---|
| 2. | November 14, 2017 | J. Wr. | 50398 | Hydrocodone 10 mg |
| 3. | November 24, 2017 | N. Wr. | 51740 | Hydrocodone 10 mg |
| 4. | January 15, 2018 | J. Wr. | 59252 | Hydrocodone 10 mg |
| 5. | January 25, 2018 | N. Wr. | 61001 | Hydrocodone 10 mg |
| 6. | May 31, 2017 | L. Pe. | 121307 | Hydrocodone 7.5 mg |
| 7. | May 31, 2017 | R. Pe. | 121308 | Hydrocodone 7.5 mg |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 28 U.S.C. § 2461

1. Upon conviction of Counts 1-7 contained in this Indictment, the defendants, **SCOTTY R. AKERS, M.D., and SERISSA L. COLLIER, aka SERISSA L.**

**STAMPER,** shall forfeit to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations, including but not limited to a sum of money equal to the amount of gross proceeds of the offenses and any property used, or intended to be used, in any manner or part to commit, or facilitate the commission of the offenses.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value

of the forfeitable property described above.

A TRUE BILL

_____
ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

JOSEPH BEEMSTERBOER
DEPUTY CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

## PENALTIES

**COUNTS 1-7:**  Not more than 20 years imprisonment, a fine of not more than $1,000,000, and supervised release of at least 3 years.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Restitution, if applicable.

**PLUS:**  Forfeiture as listed.