Eastern District of Kentucky
**F I L E D**

APR 1 7 2019

AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION
PIKEVILLE**

**CRIMINAL ACTION NO.**

**UNITED STATES OF AMERICA**                                 **PLAINTIFF**

**V.**          **MOTION FOR DETENTION OR
CERTAIN CONDITIONS OF BOND**

**SCOTTY R. AKERS, M.D. and
SERISSA L. COLLIER,
    aka SERISSA L. STAMPER**                           **DEFENDANTS**

\* \* \* \* \*

The United States, by and through the undersigned counsel, pursuant to Title 18, United States Code, Section 3142, *et seq.*, respectfully moves that Scotty R. Akers, M.D. ("Akers") and Serissa L. Collier, aka Serissa L. Stamper ("Stamper," together the "Defendants"), be detained while awaiting trial. Alternatively, for the reasons set forth more fully below, if the Court does not order detention, the United States respectfully suggests that the Court impose bond in an amount sufficient to assure the Defendants' appearance at trial, and that the Court impose the following conditions of bond in addition to any other standard conditions deemed appropriate by the Court:

1. That neither of the Defendants be permitted to possess firearms, and that United States Probation and Pretrial Services verify that firearms are removed from their residence(s) prior to the Defendants' return thereto (18 U.S.C § 3142(c)(B)(viii));

2. That the Defendants not seek or maintain employment in any medical occupation or in any capacity within the field of healthcare services;

3. That the Defendants must notify the United States Probation Office/Pretrial Services Office of any controlled substance prescription issued to them, and must follow said prescription as directed by a licensed medical practitioner;

4. That the Defendants avoid all contact, either directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including, but not limited to, each other, except in the presence of counsel;

5. That the Defendants not be permitted to travel outside the Eastern District of Kentucky (18 U.S.C § 3142(c)(B)(iv)); and

6. That the Defendants be subject to random drug tests (18 U.S.C § 3142(c)(B)(xi)).

## RELEVANT FACTS

Akers previously owned and operated a pain management clinic in the Eastern District of Kentucky, where he employed Stamper. In or around 2016, Akers and Stamper closed the pain clinic, and, thereafter, began dispensing prescriptions for pain medications—including Schedule II controlled substances—from Akers' residence, where Stamper, on occasion, also resided.

In or around late 2017, The Kentucky Board of Medical Licensure ("KBML") began investigating Akers, and sought patient records for a number of patients to whom Akers had prescribed controlled substances. Akers was largely unable to provide the requested patient files to the KBML, and later conceded that many of records did not exist. With regard to the files Akers was able to produce, a KBML consulting expert found that, at

2

least with respect to one patient, Akers was "blatantly negligent, ignorant and incompetent by prescribing patient strong opioid pain meds without any designated physical location and poor documentation/recordkeeping and early refills. This pattern [of prescribing] clearly was against the standards of practice, promoting opioid abuse that could lead to opioid overdose/diversion and death."

After the clinic closed, but while Akers was under investigation by the KBML, Stamper began communicating with several former patients of the clinic via Facebook Messenger. Through those Facebook Messenger messages, Stamper arranged for friends and other acquaintances to meet her at various parking lots, in or around Pikeville, to exchange cash for prescriptions signed by Akers. Stamper would typically exchange the signed prescriptions for $50 cash.

In May 2018, Akers signed an Agreed Order with the KBML indefinitely suspending his medical license. Akers has also surrendered his DEA registration, which is the registration that allowed him to prescribe controlled substances.

## PROCEDURAL HISTORY

On or about April 11, 2019, a grand jury empaneled in the Eastern District of Kentucky returned a seven-count indictment against Akers and Stamper, charging each with violations of 21 U.S.C. §§ 846 and 841, each count carrying a maximum possible sentence of twenty years imprisonment. *See* Indictment.

## ARGUMENT

In a case for which the judicial officer finds probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years

or more is prescribed in the Controlled Substances Act, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community...." 18 U.S.C. § 3142(e)(3)(A). The presumption is "[s]ubject to rebuttal by the person." *Id.* Based on the foregoing, in light of the returned indictment, the United States is requesting that both Akers and Stamper be detained.

Assuming the Defendants are able to rebut this presumption, the Court must still consider which "conditions of release . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community" consistent with the factors set forth in 18 U.S.C. § 3142(g). The government now respectfully presents its position with regard to those factors in the context of the present case:

(1) The "nature and circumstance" of the offense charged is a drug distribution crime, which originated from both Defendants' contact with the health care system. For this reason, the government seeks a restriction on the Defendants' ability to work in that system, thereby restricting their access to prescription pads and pharmaceuticals.

(2) The "weight of the evidence" is strong – the government has recovered Facebook Messenger messages in which Stamper agrees at various times to deliver to a Walmart or Lowes' parking lot two months' worth of prescriptions to N.W. and/or L.P. (for both of those individuals and their respective spouses)

4

in exchange for $50 cash, per prescription.[1] The prescriptions themselves are signed by Akers, and closely match a known signature.

(3) The "history and characteristics" of the Defendants are such that both Defendants abused their access to prescription pads and the healthcare system in order to illegally distribute narcotic drugs to their friends and associates. The government notes that it appears from the Facebook Messenger messages that Stamper is on friendly terms with N.W. and L.P., and for that reason, seeks a condition of bond that prevents both Defendants from having contact with those two potential witnesses, and/or other potential trial witness and each other. If the Court allows the Defendants to cohabitate, the United States requests that the Court instruct the Defendants not discuss the case with one another outside the presence of counsel.

(4) The "nature and seriousness of the danger to any person or the community" is the sole factor that does not, in the government's estimation, weigh in favor of detention in light of the fact that Akers has surrendered his DEA license and agreed to an indefinite suspension of his medical license. However, it is believed that he keeps firearms in his home, and for that reason, the government would ask that the Court impose a firearms restriction and that Probation verify compliance before releasing the Defendants.

---

[1] Evidence can be made available in court at the initial appearance.

WHEREFORE the United States of America respectfully moves this Court to detain the Defendants or to subject them to, *inter alia,* the above-listed conditions of bond.

Respectfully Submitted,

*[signature]*

Katherine Payerle
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
202-341-4227
Katherine.payerle@usdoj.gov

## CERTIFICATE OF SERVICE

On April 17, 2019, I hand-delivered this document to the Clerk of Court, and will deliver, in person, to Defendant's counsel of record.

*[signature]*

Katherine Payerle
Trial Attorney